CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ELI J. COHEN (NYBN 5539226)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Eli.Cohen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ALEKSANDR AKOPOV,<br><br>    Defendant. | CASE NO. 3:25-MJ-71125 MAG-1<br><br>MEMORANDUM IN SUPPORT OF UNITED STATES' APPEAL OF AND MOTION TO REVOKE ORDER OF RELEASE<br><br>Hon. Trina L. Thompson |

# INTRODUCTION

The United States respectfully requests that the Court revoke the order of release of defendant Aleksandr Akopov ("Akopov" or the "defendant"), issued by Magistrate Judge Alex G. Tse on September 29, 2025, and moves this Court for entry of an order detaining Akopov pending trial. *See* 18 U.S.C. § 3145. Kazakevich has been charged by criminal complaint with one count of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) – Distribution of 500 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, one count of violating 18 U.S.C. § 922(a)(1)(A) and 18 U.S.C. § 2 – Dealing Firearms Without a License and Aiding and Abetting, and one count of violating 18 U.S.C. § 922(g)(1) – Felon in Possession of Firearms, for which he faces a

minimum penalty of 10 years in prison as to the distribution count, and maximum penalties of life imprisonment, five, and 15 years, respectively. His criminal history and instant conduct provide clear and convincing evidence that Akopov cannot rebut the presumption of detention under 18 U.S.C. § 3142(e)(3)(A). Rather, there is at least a preponderance of the evidence that no condition or combination of conditions can reasonably assure Akopov's appearance in court and there is clear and convincing evidence that no condition or combination of conditions can reasonably assure the safety of the community. Therefore, this Court should order Akopov detained pending trial.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.     Akopov's Criminal History

Aleksandr Akopov, age 51, has a recorded criminal history that spans more than 23 years and involves violence, possession of a weapon, and multiple forms of fraud and theft. He was arrested on check fraud related charges in March 2002 and bench warranted in August of that year. He was arrested for possession of a weapon in July 2002, bench warranted in November, and was convicted of Possess/Sell Switch Blade Knife in December, before being convicted of Make/Pass Fictitious Check in January 2003 based on the March 2002 arrest. He was also convicted of Battery on a Non-cohabitant Former Spouse based on a separate July 2002 arrest.

Akopov was convicted of False Checks/Records/Certifications and misdemeanor burglary in May 2004, then vehicle theft and felony burglary in March 2005, receiving a 16-month prison sentence. He subsequently violated his parole and was sent back to prison. He was convicted of a misdemeanor drug charge in 2007, given probation and treatment, and bench warranted less than a year later. In 2010, he was convicted of Get Credit, Etc.: Use Other's Identification and sentenced to two years prison. He was arrested in May 2014 for various charges, including forgery and further identity theft, but had his parole revoked in lieu of prosecution. In May 2018, he was convicted in the United States District Court for the Northern District of California of Unlawful Possession and Use of Postal Key, Theft of Mail, and Unlawful Possession of Stolen Mail, and sentenced to a year and a day in prison, as well as three years supervised release.

/ / / /

/ / / /

## II. The Instant Conduct

Though the instant complaint only charges Akopov with three counts, it is a small snapshot of an even more egregious course of conduct. In the instant matter, Akopov escalated his criminal conduct from passing bad checks, burglary, and stealing mail to trafficking large quantities of high-grade methamphetamine, various firearms, and ammunition. On May 27, 2025, Akopov met with two undercover federal agents ("UCs") and sold them approximately one pound of methamphetamine, which tested at 98% (+/- 7%) purity. On June 12, 2025, he again met with the UCs, this time selling them two loaded handguns and two pounds of methamphetamine, which tested at 100% (+/- 7%) purity. On June 26, 2025, Akopov again met with the UCs, this time selling one loaded handgun and one pound of 100% (+/- 7%) pure methamphetamine.





*May 27*     *June 12*     *June 26*

On July 3, 2025, Akopov conspired with, and enlisted the help of, co-defendant Vadim Kazakevich ("Kazakevich") to sell undercover agents two AR-style rifles. Kazakevich also sold he agents a handgun during the transaction. On July 11, 2025, Akopov again worked with Kazakevich to illegally deal firearms, this time two semiautomatic handguns and a revolver. Akopov brought the guns off of Kazakevich's boat, sold them to agents, returned to the boat, then left the area with Kazakevich.

/ / / /

/ / / /



*Guns sold on July 3*

  

*Akopov delivering guns on July 11*   *Kazakevich (L) and Akopov (R) on July 11*   *Guns sold on July 11*

On July 29, 2025, Akopov met with one of the UCs again, this time selling two more handguns, one of which was a privately-manufactured firearm. Agents surreptitiously recorded all of the above-described transactions.

 

Akopov was charged by criminal complaint on September 15, 2025 and made his initial appearance on September 19. On September 29, 2025, a detention hearing was held before Magistrate Judge Tse. After reviewing the government's memorandum (Dkt. No. 10) and a Pretrial Services bail report and addendum, hearing argument from the parties, and speaking to a proposed surety, Magistrate Judge Tse ordered the defendant released pursuant to a $50,000 unsecured bond and certain conditions, including drug treatment. The United States informed the court of its intention to appeal his order to this

Court and sought a stay. Magistrate Judge Tse granted the stay until such time as this Court resolves the government's appeal.

## LEGAL STANDARD

In assessing whether Akopov presents a danger to the community or a risk of nonappearance, this Court conducts a *de novo* review of the factors under 18 U.S.C. § 3142. "[A] district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings." *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990). Thus, this Court must make its own determination regarding Akopov's detention or release.

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "no condition or combination of conditions will reasonably assure the appearance of this person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk–the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id*. In a case such as this, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years of more is prescribed in the Controlled Substances Act[.]" 18 U.S.C. § 3142(e)(3)(A).

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol use, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature

and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

The Rules of Evidence do not apply at a detention hearing. 18 U.S.C. § 3142(f)(2)(B). It is well settled that at a detention hearing, the government may present evidence by way of an evidentiary proffer sufficient to make the court aware of the defendant's role in an offense, the weight of the evidence against the defendant, and other relevant factors. *See, e.g., United States v. Salerno*, 481 U.S. 739, 743 (1987).

## ARGUMENT

Akopov, a multiple-felon who has yet to receive a custodial sentence longer than two years, personally sold approximately four pounds of high-grade methamphetamine and various firearms and ammunition, and conspired with others to do both. For these crimes, he faces a mandatory minimum penalty of ten years imprisonment, and a maximum penalty of life imprisonment. This Court should order him detained pending trial because his criminal history and actions in this case, as well as the findings in the Pretrial Services bail report, demonstrate that not only can he not rebut the presumption of detention, but in fact there is at least a preponderance of the evidence that no condition or combination of conditions can reasonably assure his appearance, as well as clear and convincing evidence that no condition or combination of conditions can reasonably can reasonably assure the safety of any other person or the community. Each of the statutory factors in 18 U.S.C. § 3142(g) weighs in favor of detention.

  A.  **The Nature of the Charged Offense and the Weight of the Evidence Demonstrate Risk of Nonappearance**

The crimes with which Akopov is charged are extremely serious and the drug charge carries a severe minimum penalty. His criminal history and the amount of methamphetamine involved expose him to an even more significant sentencing guidelines range. He has demonstrated himself to be a serious methamphetamine and gun trafficker, and the evidence proving this is extremely strong. Agents surreptitiously recorded him during each transaction. Simply put, he faces very likely conviction and a very substantial prison sentence. The weight of evidence and high likelihood of conviction provide a strong incentive for him not to appear in court as required. *See United States v. Gebro*, 948 F.2d 1118,

1122 (9th Cir. 1991) (strong evidence of guilt "makes it more likely he will flee"). Akopov's history of different types of fraud and theft also demonstrates a penchant for dishonesty and therefore reason to suspect he poses a risk of nonappearance. His history of bench warrants and parole revocations demonstrate an inability or unwillingness to comply with court orders. There is clearly at least a preponderance of evidence that no condition or combination of conditions will reasonably mitigate his risk of nonappearance.

### B. The Nature and Circumstances of the Offense and Akopov's Criminal History Demonstrate He is a Danger to the Community

Even more than his risk of nonappearance, there is clear and convincing evidence that Akopov presents a danger to the community. Firstly, his conduct in this case involves trafficking very large quantities of a particularly dangerous and often deadly controlled substance. Methamphetamine regularly causes overdose deaths, and its catastrophic effects on the general populace are evident and well-documented. According to provisional CDC data, there were approximately 30,000 overdose deaths in the United States from psychostimulants in the 12-month period ending in October 2024, and according to the CDC, the vast majority of overdose deaths implicating drugs in that category involve methamphetamine.[1] Akopov has proven himself dangerous to the community by working to flood it with high-purity methamphetamine.

It would be bad enough if Akopov were just a methamphetamine trafficker. But he also dealt in firearms and ammunition. He personally sold guns and ammunition to undercover agents on four separate occasions, and facilitated the sale of two AR-style rifles by his co-defendant on another. The danger this kind of activity presents to the community at large cannot be overstated. As a multiple-time felon, Akopov is barred from possessing firearms, much less selling them.

### C. Pretrial Services Recommends Detention

Pretrial Services filed a bail report and an addendum which both recommend that Akopov be detained as a risk of nonappearance.

////

---

[1] *See* Drug Enforcement Administration, 2025 National Drug Threat Assessment, at 39. https://www.dea.gov/sites/default/files/2025-07/2025NationalDrugThreatAssessment.pdf

US MEMO ISO APPEAL OF RELEASE ORDER        7
3:25-MJ-71125 MAG-1

# CONCLUSION

For the foregoing reasons, the Court should find that Akopov cannot rebut the presumption of detention that should apply under 18 U.S.C. § 3142(e)(3)(A).  Instead, there is at least a preponderance of the evidence that no condition or combination of conditions can reasonably assure his appearance, as well as clear and convincing evidence that no condition or combination of conditions can reasonably assure the safety of the community. The government respectfully requests that the Court order Akopov detained pending trial.

DATED:  September 29, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Eli J. Cohen*
ELI J. COHEN
Assistant United States Attorney